BGN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Karrar Alsaffar,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-06936-PHX-SHR

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) Petitioner alleges he was contacted by ICE in 2020 and released voluntarily. On January 4, 2021, Petitioner was again detained and has been held ever since without a bond hearing. As such, Petitioner argues his re-detention violates his Fifth Amendment rights and the Administrative Procedures Act, and he seeks release under the same conditions as before his re-detention. Petitioner also seeks an injunction against his re-detention without a pre-deprivation hearing where the Government bears the burden of proof. The Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 3.) In the Response, Respondents state they "do not oppose Petitioner's request for release at this time." (Doc. 6.)

Although Respondents do not appear to challenge Petitioner's assertion he was entitled to a pre-deprivation hearing before being re-detained, this Court has determined non-citizens, like Petitioner, who have been initially detained, released from custody, and subsequently re-detained, do not have a constitutional right to a pre-deprivation hearing

before such re-detention. *See, e.g.*, *Singh v. Unknown Party*, No. CV-26-01685-PHX-DWL (JFM), 2026 WL 1839137, at *2 (D. Ariz. June 26, 2026) (applying factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), and concluding, while non-citizens detained under 8 U.S.C. § 1226 have a liberty interest in their continued liberty, the balance of the factors ultimately favored respondents). As such, Petitioner's re-detention without a pre-deprivation hearing does not constitute a due-process violation, and the Court will deny Petitioner's request for an injunction against any future re-detention without a pre-deprivation hearing. While the Court finds no due-process violation—and therefore no constitutional basis for Petitioner's immediate release—because Respondents do not oppose the Petition, the Court will grant Petitioner's request for immediate release. Accordingly,

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to his request for release from custody. Petitioner's request for an injunction against any future re-detention without a pre-deprivation hearing is **denied**.

(2) Respondents must immediately **release** Petitioner from custody.

(3) Respondents must provide a notice of compliance within **two days** of this Order.

(4) Any pending motions are **denied** as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 8th day of October, 2026.

Honorable Scott H. Rash
United States District Judge